# CAHILL GORDON & REINDEL LLP
### 32 OLD SLIP
### NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | HELENA S. FRANCESCHI | TELEPHONE: (212) 701-3000 | MARK LOFTUS | JOSIAH M. SLOTNICK |
| HELENE R. BANKS | JOAN MURTAGH FRANKEL | WWW.CAHILL.COM | JOHN MacGREGOR | RICHARD A. STIEGLITZ JR. |
| ANIRUDH BANSAL | JONATHAN J. FRANKEL | | BRIAN T. MARKLEY | SUSANNA M. SUH |
| LANDIS C. BEST | SESI GARIMELLA | | MEGHAN N. McDERMOTT | ANTHONY K. TAMA |
| CHRISTOPHER BEVAN | ARIEL GOLDMAN | 1990 K STREET, N.W. | WILLIAM J. MILLER | JOHN A. TRIPODORO |
| BROCKTON B. BOSSON | PATRICK GORDON | WASHINGTON, DC 20006-1181 | EDWARD N. MOSS | HERBERT S. WASHER |
| JONATHAN BROWNSON * | JASON M. HALL | (202) 862-8900 | JOEL MOSS | MICHAEL B. WEISS |
| DONNA M. BRYAN | STEPHEN HARPER | | NOAH B. NEWITZ | DAVID WISHENGRAD |
| EMEKA C. CHINWUBA | WILLIAM M. HARTNETT | CAHILL GORDON & REINDEL (UK) LLP | WARREN NEWTON § | C. ANTHONY WOLFE |
| JOYDEEP CHOUDHURI * | CRAIG M. HOROWITZ | 20 FENCHURCH STREET | DAVID R. OWEN | ELIZABETH M. YAHL |
| JAMES J. CLARK | TIMOTHY B. HOWELL | LONDON EC3M 3BY | JOHN PAPACHRISTOS | |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | +44 (0) 20 7920 9800 | LUIS R. PENALVER | |
| AYANO K. CREED | JAKE KEAVENY | | SHEILA C. RAMESH | |
| PRUE CRIDDLE ± | BRIAN S. KELLEHER | | MICHAEL W. REDDY | * ADMITTED AS A SOLICITOR IN |
| SEAN M. DAVIS | RICHARD KELLY | WRITER'S DIRECT NUMBER | OLEG REZZY | ENGLAND AND WALES ONLY |
| STUART G. DOWNING | CHÉRIE R. KISER ‡ | | THOMAS ROCHER * | ± ADMITTED AS A SOLICITOR IN |
| ADAM M. DWORKIN | JOEL KURTZBERG | | THORN ROSENTHAL | WESTERN AUSTRALIA ONLY |
| ANASTASIA EFIMOVA | TED B. LACEY | | TAMMY L. ROY | ‡ ADMITTED IN DC ONLY |
| SAMSON A. ENZER | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | § ADMITTED AS AN ATTORNEY |
| JENNIFER B. EZRING | JOEL H. LEVITIN | | ANDREW SCHWARTZ | IN THE REPUBLIC OF SOUTH AFRICA |
| GERALD J. FLATTMANN JR. | GEOFFREY E. LIEBMANN | | DARREN SILVER | ONLY |

(212) 701-3435

September 1, 2023

Re: *Phunware, Inc.* v. *UBS Securities LLC*,
No. 1:23-cv-06426-AT

Dear Judge Torres:

      We represent Defendant UBS Securities LLC in the above-referenced action, and write to seek clarification with respect to this Court's August 29, 2023 Order (the "Order"). The Order requires the parties to file a revised proposed joint stipulation in light of the Court's September 25, 2023 deadline for submission of a Case Management Plan and Scheduling Order and states that the "Court will not stay discovery pending its decision on any motion absent extraordinary circumstances."

      The Complaint in this matter asserts claims under the federal securities laws, namely Section 10(b) and Section 9(a)(2) of the Securities Exchange Act of 1934. Defendant intends to file a motion to dismiss. Under 15 U.S.C. § 78u-4(b)(3)(B), "[i]n any private action" arising under the Exchange Act, "all discovery and other proceedings are required to be stayed "during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice of any party." The mandatory discovery stay is equally applicable to class actions and individual actions, like the one here. *See, e.g., Mangrove Partners Master Fund LP* v. *683 Capital Partners, LP*, 2020 WL 7335313, at *2 (S.D.N.Y. Dec. 14, 2020) ("Although certain provisions of the PLSRA apply only to securities class action lawsuits, the discovery stay provision tellingly is not one of them. By its plain language, it applies indistinguishably, *inter alia*, to 'any private action' arising under Section 10(b) of the Exchange Act. Thus, a plaintiff suing on behalf of itself alone suffers no greater limitations and enjoys no greater rights to pre-motion discovery under the PSLRA than

CAHILL GORDON & REINDEL LLP

-2-

a plaintiff suing on behalf of others.") (citations omitted).[1]  Defendant is unaware of any case that has held otherwise.[2]

Defendant is prepared to confer with Plaintiff and to submit a joint Case Management Plan and Scheduling Order to the Court on September 25, 2023 as originally ordered, or earlier if the Court prefers, but wanted to seek clarity in light of the further background provided herein.

Respectfully submitted,

/s/ Herbert S. Washer

Herbert S. Washer

**VIA ECF**

---

[1] *See also Lindner* v. *American Express Company*, 2010 WL 4537819, at *1 (S.D.N.Y. Nov. 9, 2010) ("The automatic stay provision applies in actions involving individual plaintiffs."); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (holding that "[t]he PSLRA stay is not limited to discovery related to securities claims," but "applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged"); *In re Trump Hotel Shareholder Derivative Litigation*, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (rejecting argument that PSLRA discovery stay applies only to class actions because 15 U.S.C. § 78u-4(b) "contains no such limitation").

[2] There is an unrelated split in authority as to whether the PSLRA's automatic stay is "procedural" and therefore inapplicable in state court. *Compare Switzer* v. *W.R. Hambrecht & Co.*, 2018 WL 4704776, at *1 (Cal. Super. Ct. Sept. 19, 2018) (stating that "[t]he Court finds that the PSLRA's provision for a discovery stay is of a procedural nature, and therefore only applies to actions filed in federal court, not state court"), *with In re Everquote, Inc. Sec. Litig.*, 106 N.Y.S. 3d 828 (N.Y. Sup. Ct. Aug. 7, 2019) (rejecting the "procedural/substantive distinction" relied on by other state courts, and ordering a stay of discovery).  These authorities, however, do not and cannot challenge the applicability of the PSLRA mandatory stay to all federal actions under the Exchange Act, regardless of whether they are class or individual actions.