# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JOAN MURTAGH FRANKEL | TELEPHONE: (212) 701-3000 | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| HELENE R. BANKS | JONATHAN J. FRANKEL | WWW.CAHILL.COM | MEGHAN N. McDERMOTT | RICHARD A. STIEGLITZ JR. |
| ANIRUDH BANSAL | SESI GARIMELLA | | WILLIAM J. MILLER | SUSANNA M. SUH |
| LANDIS C. BEST | ARIEL GOLDMAN | | EDWARD N. MOSS | ANTHONY K. TAMA |
| CHRISTOPHER BEVAN | PATRICK GORDON | 1990 K STREET, N.W. | JOEL MOSS | SEAN R. TIERNEY |
| BROCKTON B. BOSSON | JASON M. HALL | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | JOHN A. TRIPODORO |
| JONATHAN BROWNSON * | STEPHEN HARPER | (202) 862-8900 | WARREN NEWTON § | HERBERT S. WASHER |
| DONNA M. BRYAN | CRAIG M. HOROWITZ | | JULIANA OBREGON | FRANK WEIGAND |
| EMEKA C. CHINWUBA | TIMOTHY B. HOWELL | CAHILL GORDON & REINDEL (UK) LLP | JAVIER ORTIZ | MICHAEL B. WEISS |
| JOYDEEP CHOUDHURI * | DAVID G. JANUSZEWSKI | 20 FENCHURCH STREET | DAVID R. OWEN | MILES C. WILEY |
| JAMES J. CLARK | JAKE KEAVENY | LONDON EC3M 3BY | JOHN PAPACHRISTOS | DAVID WISHENGRAD |
| CHRISTOPHER W. CLEMENT | BRIAN S. KELLEHER | +44 (0) 20 7920 9800 | LUIS R. PENALVER | C. ANTHONY WOLFE |
| AYANO K. CREED | RICHARD KELLY | | SHEILA C. RAMESH | ELIZABETH M. YAHL |
| PRUE CRIDDLE ± | CHÉRIE R. KISER ‡ | | MICHAEL W. REDDY | |
| SEAN M. DAVIS | JOEL KURTZBERG | WRITER'S DIRECT NUMBER | OLEG REZZY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| STUART G. DOWNING | TED B. LACEY | | THOMAS ROCHER * | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| ADAM M. DWORKIN | ANDREW E. LEE | | PETER J. ROONEY | ‡ ADMITTED IN DC ONLY |
| ANASTASIA EFIMOVA | ALIZA R. LEVINE | | MATTHEW E. ROSENTHAL | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| SAMSON A. ENZER | JOEL H. LEVITIN | | THORN ROSENTHAL | |
| JAMES Z. FANG | MARK LOFTUS | | TAMMY L. ROY | |
| GERALD J. FLATTMANN JR. | JOHN MacGREGOR | | ANDREW SCHWARTZ | |
| HELENA S. FRANCESCHI | TRISTAN E. MANLEY | | DARREN SILVER | |

(212) 701-3435

January 22, 2024

Re: *Phunware, Inc.* v. *UBS Securities LLC*, No. 1:23-cv-06426

Dear Judge Ho:

We write on behalf of Defendant UBS Securities LLC ("UBS") in response to the purported "Notice of Supplemental Authority" filed by Plaintiff Phunware, Inc. on January 18, 2024 ("Letter") (ECF No. 27). Plaintiff's Letter—which purports to bring to the Court's attention a Report & Recommendation issued over three weeks ago and already identified in UBS's Reply Brief filed on January 4, 2024—is nothing more than an impermissible sur-reply.[1] UBS properly identified the same decision to the Court in its Reply, citing it no less than ***four times***. Plaintiff's Letter was therefore unnecessary and—as made plain by its three pages of additional argument— is simply not a "Notice of Supplemental Authority." It should be disregarded.

UBS will not reargue the merits or applicability of the Report & Recommendation issued in *Northwest Biotherapeutics, Inc.* v. *Canaccord Genuity LLC*, No. 1:22-cv-10185 (S.D.N.Y. Dec. 29, 2023) (the "R&R"). However, to the extent this Court is inclined to accept Plaintiff's Letter, this Court should be aware of two relevant points omitted from Plaintiff's Letter.

*First*, Plaintiff argues that the R&R is "direct[ly] applicab[le]" and should be followed. (Letter at 1.) However, Plaintiff neglects to mention that ***all*** parties in that litigation—including the plaintiff (who is represented by the same Plaintiff's counsel here)—have filed objections to the R&R, arguing that one or more aspects of the decision is flawed.[2]

---

[1] "Sur-reply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)." Rule 4(b)(v), Individual Rules and Practices in Civil Cases.

[2] (Defendants' Objections to Report & Recommendation, *Northwest Biotherapeutics, Inc.* v. *Canaccord Genuity LLC*, No. 1:22-cv-10185 (S.D.N.Y. Jan. 12, 2024), ECF No. 141; *see also*

CAHILL GORDON & REINDEL LLP

-2-

*Second*, Plaintiff's Letter emphasizes that there are a series of copycat complaints filed in this District containing "nearly identical" allegations of spoofing in cases against different defendants over different time periods and involving different securities. (Letter at 1–3.) But it is the very use of this generic and boilerplate language, which plaintiffs employ in a host of recently-filed spoofing cases despite the differing situations, that renders the allegations here insufficient under the applicable pleading standards. As one federal court recently explained:

> At the end of the day, *Twombly-Iqbal* pleading standards might be distilled to a single proposition: if a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant . . . then almost by definition he is pleading without the factual specificity necessary to state a claim for relief.

*Byars* v. *Hot Topic, Inc.*, 656 F.Supp.3d 1051, 1060–61 (C.D. Cal. 2023). *See also Martin* v. *Sephora USA, Inc.*, 2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023) ("[T]he Court is not required to ignore facts amenable to judicial notice and decide Defendant's motion in a vacuum. To the contrary, the Supreme Court has directed courts to 'draw on [their] judicial experience and common sense' when evaluating a complaint's allegations against Rule 8's pleading requirements. Here, unquestionably, Plaintiff's counsel has brought numerous lawsuits . . . against various businesses. . . and the complaints in these lawsuits are virtually identical. The observation of this fact is not irrelevant to the Court's plausibility analysis.") (citations omitted).

This reasoning is even more compelling where, as here, the Complaint is subject to **heightened** pleading requirements. *See, e.g., Lachman* v. *Revlon*, 487 F.Supp.3d 111, 126 (E.D.N.Y. 2020) (granting motion to dismiss where complaint "copies and pastes identical allegations as a basis for challenging varied statements by different defendants, instead of alleging falsity and scienter with specificity"); *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 102 (2d Cir. 2007) ("General allegations not tied to the defendants or resting upon speculation are insufficient.").

In short, Plaintiff's improper sur-reply, along with the prior briefing, strongly suggests that counsel is attempting to open a new line of business by taking ordinary trading activity, executed by all brokers on behalf of thousands of clients every day, and turning it into "spoofing" cases by using generic, meaningless language and cherry-picked trades and statistics. Common sense makes plain that there is no motive for UBS to engage in such conduct here, and this manufactured case should not be allowed to proceed any further.

---

Plaintiff's Limited Objection to Magistrate Judge Stein's Report and Recommendation Regarding the Element of Loss Causation, *Northwest Biotherapeutics, Inc.* v. *Canaccord Genuity LLC*, No. 1:22-cv-10185 (S.D.N.Y. Jan. 12, 2024), ECF No. 142.)

CAHILL GORDON & REINDEL LLP

-3-

                    Respectfully submitted,

                    /s/ Herbert S. Washer

                    Herbert S. Washer

The Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**VIA ECF**

cc: All Counsel of Record (via ECF)