December 6, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:     *Phunware, Inc.* v. *UBS Securities LLC*, No. 1:23-cv-06426

Dear Judge Ho:

Plaintiff Phunware, Inc. ("Plaintiff") and Defendant UBS Securities LLC ("UBS") (collectively, the "Parties") jointly submit this letter to set out their respective positions, and to request this Court's guidance, as to the next steps in this matter.

**UBS's Position**

On November 26, 2024, the Court granted Plaintiff's Motion for Leave to File the First Amended Complaint (the "Order") and, pursuant to the Order, Plaintiff filed its First Amended Complaint on December 2, 2024. (*See* ECF Nos. 34, 35.) UBS intends to move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). On December 4, 2024, UBS informed Plaintiff of its intent to file a motion to dismiss and sought Plaintiff's agreement on a briefing schedule on that motion, as discussed further below. We understand that Plaintiff objects to UBS's filing a motion to dismiss as to the First Amended Complaint.

While UBS does not intend to reargue issues that were decided by the Court's order on UBS's first motion to dismiss (ECF No. 30), UBS does intend to challenge the legal sufficiency of the First Amended Complaint on at least the issue of loss causation—as is its right under the Federal Rules and as this Court contemplated in its Order. *See, e.g.*, *Red Rock Sourcing LLC* v. *JGX, LLC*, 2023 WL 3736442, at *11 (S.D.N.Y. May 31, 2023) (granting motion to amend where new claims were determined not to be futile and holding that if defendants "wish[ed] to further challenge the legal sufficiency of those claims, they may do so on a ***motion to dismiss*** . . . .") (emphasis added); *Pecou* v. *Bessemer Trust Co.*, 2022 WL 3646210 (S.D.N.Y. Aug. 24, 2022) (granting motion for leave to amend and setting briefing schedule for any motion to dismiss the amended complaint); *Coniglio* v. *Cucuzza*, 345 F.R.D. 372, 379 (E.D.N.Y. 2024) (granting plaintiffs' motion for leave to amend, finding defendants had not met burden to demonstrate amended pleading was futile, and setting schedule for defendants to file motion to dismiss amended complaint).

As the Court acknowledged in its Order, the Court did not reach the issue of whether Plaintiff's First Amended Complaint sufficiently pleads long-term price impact. The decision also did not address the legal sufficiency of Plaintiff's attempt to plead loss causation under the temporal proximity theory on any date other than January 26, 2021 and October 26, 2021. The Court made clear: the Order "is therefore without prejudice to motions practice with respect to any alleged injury under the long-term price impact theory (or any other issues not addressed in [the Order])." UBS respectfully maintains that it is entitled to challenge the First Amended Complaint on the issue of long-term price impact, and any other issues not addressed in the Order or in this Court's order on UBS's first motion to dismiss. The parties' competing 5-page letters as to the issue of whether leave to amend should be granted are not a substitute for UBS's right to be heard on a motion to dismiss as to the legal sufficiency of the First Amended Complaint.

UBS also submits that the resolution of the issue as to long-term price impact is crucial to determining the scope of further proceedings in this matter, including discovery. It is clear that the Parties already dispute the scope of this case following the Court's Order on the motion to amend. It is UBS's position that, unless and until there is a determination that Plaintiff has pled long-term price impact, Plaintiff has not properly pled loss causation for the majority of "spoofing" incidents it purports to allege in the First Amended Complaint and, thus, any claims with respect to such incidents cannot move forward. *See, e.g.*, *Northwest Biotherapeutics, Inc.* v. *Canaccord Genuity LLC*, 2023 WL 9102400, at *29-30 (S.D.N.Y. Dec. 29, 2023) (finding that plaintiff had potentially pled loss causation as to only 30 instances of alleged spoofing where such instances had occurred "within an hour of the market's close" and holding that plaintiff could "proceed on a temporal proximity theory as to these 30 instances" provided an additional pleading defect was addressed; all other sales were held "too remote in time" to plead loss causation).

As to a schedule for UBS's anticipated motion, pursuant to the applicable rules, any motion would be due on or before December 16, 2024, with Plaintiff's opposition to the motion due on December 30, 2024 and UBS's reply due on January 6, 2025. Due to obligations in other matters, as well as the upcoming holidays, UBS requests an extension of the deadlines set out above. Specifically, UBS requests the following schedule:

- UBS will file its anticipated Motion to Dismiss the First Amended Complaint (the "Motion") on or before January 10, 2025;

- Plaintiff will file its opposition to the Motion on or before February 21, 2025; and

- UBS will file any reply in further support of the Motion on or before March 7, 2025.

The Parties have not previously requested an extension of these deadlines. The Parties are scheduled to appear at an initial pretrial conference with the Court on January 15, 2025.

**Plaintiff's Position**

Plaintiff opposes Defendant's request to file what would amount to a third motion to dismiss Plaintiff's complaint. The Court's Order expressly held that "Plaintiff's [Proposed Amended Complaint] sufficiently pleads loss causation" (Order at 6) even under the more demanding Rule 9(b) standard. *Id*. at 3. The Court's well-reasoned Order followed 70 pages of

briefing on Defendant's motion to dismiss the initial complaint (ECF Nos. 22, 25, 26) and an additional 10 pages of briefing on Plaintiff's motion for leave to file the First Amended Complaint that were directed specifically to the new loss causation allegations (ECF Nos. 31, 33). And, during a meet and confer held earlier today, Defendant did not identify any new arguments it intends to raise that were not previously briefed by the parties. Accordingly, Defendant has taken full advantage of its opportunity to raise challenges to Plaintiff's loss causation allegations, the Court has held them sufficient, and any re-litigation of this issue at this time would result in unnecessary and inefficient delay in these proceedings.

Moreover, the Order pre-empted exactly Defendant's proposed course of action when it held that it is "unnecessary to determine whether the Plaintiff sufficiently pleads long-term price impact" at "this stage" of the litigation. (Order at 6.) Instead of providing a schedule for further briefing on the sufficiency of the complaint (as the courts did in *Red Rock Sourcing LLC*, *Pecou* and *Coniglio*)[1], the Court ordered the parties to appear at an initial pre-trial conference on January 15, 2025, and to jointly submit a status letter and proposed Civil Case Management Plan by January 8, 2025. (*Id*. at 6.) The Order reflects this Court's well-considered determination that whatever challenges to the sufficiency of Plaintiff's claims Defendant may raise at some appropriate time in the future, they should not delay the case moving past the pleading stage and into discovery.

Finally, contrary to Defendant's argument, reaching an unnecessary and premature decision on the long-term price impact of Defendant's manipulative spoofing will have no bearing on the scope of discovery.[2] Discovery will properly cover all topics *relevant* to this action, including among other things Defendant's trading algorithms and practices, and facts relating to scienter, throughout the Relevant Period, and will not be dependent on the specific dates of Plaintiff's sales. Fed. R. Civ. Pro. 26(b)(1) (parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim and defense).

To the extent the Court does permit further briefing on the sufficiency of the First Amended Complaint at this time, Plaintiff does not object to the briefing schedule proposed by Defendant.

                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Laura H. Posner | /s/ Tammy L. Roy |
| Laura H. Posner | Tammy L. Roy |
| *Counsel for Plaintiff Phunware, Inc.* | *Counsel for Defendant UBS Securities LLC* |

---

[1] Unlike here, in none of those cases did the court rule on whether the plaintiff's allegations were sufficient to state a claim prior to granting new motion to dismiss briefing.

[2] Contrary to the insinuation of Defendant, the court in *Northwest Biotherapeutics* has not yet ruled on the new loss causation allegations in Northwest Biotherapeutics's Second Amended Complaint.